PER CURIAM.
Defendant, Josiah Palmer, takes this plenary appeal to review an order of the circuit court (sitting in its appellate capacity) dismissing his appeal from the county court. Pursuant to Fla.R.App.P. 9.040(c), we hereby treat the instant appeal as a petition for writ of certiorari.
Palmer was informed against for (1) possession of untaxed alcoholic beverages, (2) unlawful possession of cannabis and (3) pet-it theft. Pursuant to negotiations, Palmer pled nolo contendere to counts 1 and 3 above, and the State entered a nolle prose-qui as to count 2. Accordingly, the trial (county) court adjudicated him guilty and placed him on probation. Subsequently, on June 15, 1978 Palmer filed a motion to set aside his nolo contendere plea and vacate judgment and sentence on the ground that his plea was not voluntary and the trial court had failed to make the requisite determination as to voluntariness. After hearing argument of counsel, the motion to vacate was denied. On the motion itself the trial judge wrote a denial on July 3, 1978. The written denial order appears as follows:
“THIS CAUSE came to be heard upon Defendant’s Motion to Set Aside Nolo Contendere Plea and Vacate Judgment and Sentence, the Court having heard *906 argument of respective counsel, and being otherwise fully advised in the premises, it is
“ORDERED and ADJUDGED that the same be and is hereby denied.
“DONE and ORDERED in open Chambers in Miami, Dade County, Florida, this 9 day of July, 1978.”
August
On July 27 Palmer filed his notice of appeal from the denial order in the circuit court. Thereafter, on November 16 the State filed a motion to dismiss for lack of jurisdiction in that the denial order was signed and rendered on August 9, 1978 while the notice of appeal was filed on July 27; therefore, the notice was premature. The circuit court dismissed the appeal as being prematurely filed.
The record reflects the existence of an ambiguity as to the actual date of the entry of the herein appealed denial order (the entry of the denial of July 3 on the motion to vacate and the subsequent separate written denial order) and, therefore, we remand the cause to the circuit court with directions to reinstate Palmer’s direct appeal and to return the case to the trial (county) court for an evidentiary hearing as to the actual date of entry of the order.
Certiorari granted.